*606 OPINION.
Phillips:
The petitioner complains that the Commissioner has asserted against it the entire deficiency computed upon the consolidated net income, contrary to section 240(a) of the Revenue Act of 1918 and 240(b) of the Revenue Act of 1921, providing:
In any case in which a tax is assessed upon the basis oí a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each. * ⅜ *
The testimony is that there was no agreement between the affiliated companies for any apportionment of the tax other than on the basis of the net income properly assignable to each. This is substantiated by the apportionment shown on the returns filed. There is nothing in the returns or in the record before us which would justify a conclusion that there was an agreement on the part of this petitioner to assume the whole of any additional tax found to be'due, such as existed in Essex Coal Co., 12 B. T. A. 994, and Woodside Cotton Mills Co., 13 B. T. A. 266.
Counsel for respondent argues that, since the returns showed a fixed amount to be paid by the companies other than petitioner, which he designates as the “ parent ” corporation, the “ parent ” was liable for the balance. The fallacy here is that these returns likewise stated a fixed amount to be paid by petitioner. There is no greater justification for assuming from these returns that only a specified amount was to be paid by the others than for assuming that only a specified amount was to be paid by. petitioner. The tax should *607 have been apportioned on the basis of the net income of each of the affiliated corporations and the deficiencies due from this petitioner should be recomputed on that, basis. Cincinnati Mining Co., 8 B. T. A. 79; New York Talking Machine Co., 13 B. T. A. 154; Rockwood Sprinkler Co., 13 B. T. A. 393.
Petitioner contends that it .is entitled to deduct as an expense the cost of certain equipment which has a life of from three to ten years. There is nothing to indicate that the life of the mine is less than that of this equipment. Apparently it will be used in mining the coal which .will be taken out in these future years. We see no reason why such costs should he charged to the coal mined in the year of purchase rather than to %e coal which this equipment will be used to mine. Union Colleries Co., 3 B. T. A. 540; Kirk Coal Co., 3 B. T. A. 755; Carbon Limestone Co., 3 B. T. A. 1152.
Petitioner argues that in mine accounting expenditures for equipment should be capitalized until the operation has reached the peak “of daily production, after which alb equipment must be charged to expense when purchased. In this manner the greater part of the expense for equipment is thrown against the earlier years of operation, when other costs are less and during the later years the cost of equipment is less when other costs are greater. In this manner an attempt is made to make the expense of mining in the later years as small as possible. Yet it is recognized that in the later years more equipment is required than in the earlier years. This can only mean that it costs more to mine such coal in the later years and such fact can not be escaped-by charging equipment'off as purchased, even though such may be the conservative accounting insisted upon by those who do business with mining companies as bankers, bondholders or creditors. We have had occasion to point out that what may be proper accounting for certain business purposes is not always proper under the tax law. Francisco Sugar Co., 14 B. T. A. 1062. S.o long as petitioner is permitted to deduct the cost of this equipment over the years in which it is used, the tax law has been met. The action of the Commissioner is sustained.
Error is assigned in that the Commissioner refused to allow petitioner to deduct the cost of a filter system installed in 1918 and refused, in computing consolidated net income, to allow a deduction for the cost of a theatre building erected in 1919. Neither of these represented an expense of the year when' erected; both continued to be used in a subsequent year or years. The Commissioner properly treated these as capital expenditures and‘allowed their cost t,o be recovered by way of depreciation deductions.
It is alleged that the Commissioner erred in his computation of gain on the sale of the property of the Tug Biver Electric Co. in that he improperly reduced the cost by $10,100 for depreciation *608 alleged to have been sustained in 1917:,. On the one hand we have testimony that the property was .under construction in 1917 and no depreciation was sustained., - On-' the other hand, the same witness testified that one unit was ’ operating for at least a part of 1937. There is the further fact thaf depreciation was claimed on the return filed for 1917 and was allowed. In 'such’ circumstances the action of the Commissioner must.be sustained.;.
The issue respecting depletion Was .-settled by stipulation. The remaining errors will involve only adjustments in the computation of the deficiencies, since they are dependent upon issues decided above. .

Decision will be entered under Rule 50.